Chief Justice Kobertson
delivered the Opinion of the Court.
The Trustees of Columbus, on the Mississippi, claiming the exclusive right to Ferry privileges — in virtue of the second section of an act of the Kentucky Legislature, of the 17th of December, 1825, declaring that uthe Trustees “ of said town, or a majority of them, may fix the rates of “ ferriage across the Mississippi river; and they may also “ lease for any term of year's, not exceeding jive, and apply “ the rents to the improvement of the toien” — about the 1st of November, 1830, at the expiration of a lease by them to Walker and Cates, of the ferry rights, leased the same for one year to Tipton, the defendant in error.
Parties make a contract verbally; they attempt to reduce it to writing, disagree as to the form, and the attempt fails: yet, a jury may find, from their subsequent conduct, that they remained bound by the parpl agreement
Tipton having put a ferry boat into operation under his lease, Walker, who still used his own boat, under a claim of title alleged to have been derived from an act of the Legislature of December, 1829, purporting to grant to Cates and himself a ferry across the river at Columbus, — gave him notice that, he (Walker) claimed the exclusive ferry privilege, and would not allow any competition. Thereupon a verbal agreement was made to this, effect, that is, that Walker should be permitted to make the exclusive use of the ferry for the time being, and would account to Tipton for all the profits, if the succeeding Legislature should abolish or “do away1’’ his (Walker’s) ferry. An abortive attempt to reduce this contract to writing was afterwards made; but from the date of the contract, Tipton permitted Walker to make the exclusive use of all the ferry privileges until some time about the 1st of February, 1831; when it appears that Walker desisted in consequence of a legislative enactment (of January, 1831,) for repealing the act of 1829, granting a ferry to Cates and himself, and declaring that the Trustees of Columbus were and should be entitled to the exclusive ferry rights.
Tipton then sued Walker, in assumpsit, for the profits of the ferry since the date pf the contract of November, 1830, and having obtained a verdict and judgment for ninety dollars, this writ of error is brought to reverse that judgment.
Tfie only objections to the judgment which we deem of sufficient importance to require particular notice, are the following: first — that there was no sufficient proof of any assumpsit express or implied; and, second — that the act of 1831 is unconstitutional.
I. There can be no doubt that the parol agreement as already stated and described, was made, and that, in consequence of that agreement, Tipton ceased to use the ferry; and notwithstanding the fact that the parties could not concur as to the form of a written memorial of their verbal agreement, the jury had, in the judgment of this court, a right to infer that, that agreement was complete and effectual, and that both parties, at its date and after-; wards, so understood it.
A collision of claims constitutes a sufficient consideration for an agreement of compromise:-a party, having agreed, by way of compromise, to abide the legislative action upon his rights, can not avail himself of the unconstitutionality of an act, that destroys his claim, to avoid the agreement.
The Legislature grants a ferry privilege for five years. Within the five year's, they grant the same ferry privilege to another party; which latter grant the next Legislature repeals: the second grantee cannot rely upon the supposedunconstitutionality of the repealing act, against one claiming under the first grant; for if the repeal he invalid, as depriving him of a vested right, the grant to him must he equally so..
As each party had a conflicting claim to the ferry, there was a sufficient consideration for any agreement for any compromise which they thought it expedient to make. And, whether the Legislature had constitutional power or not to repeal the grant of 1829 to Walker and Cates, the parties certainly had a right to make a binding agreement submitting their controversy as to the right of use for a limited period to the legislative will and action. They chose to do so. And the Legislature, either because it had no power to grant the ferry to Cates and Walker, or because it believed that the grant had been surreptitiously procured, passed the subsequent act of January, 1831. To such an enactment, and such only, whether enforcible or not, the parties must have referred, when they agreed that Walker should account to Tipton for intermediate profits on the condition that ulds (Walker’s) ferry should be done away by the LegislatureTherefore, whatever should be the effect of that enactment, in other respects, it should be deemed sufficient for binding Walker according to his agreement. Consequently the verdict was not contrary to the evidence or law, but authorized by both the facts and the law.
II. In consequence of the foregoing view, an opinion on the constitutional question is not indispensable or material. But it may not be altogether irrelevant or useless to remark, that if the Legislature had no constitutional power to repeal or revoke the grant to Cates and Walker, it was only because that grant was in the nature of a contract imposing an obligation which could not be impaired by subsequent legislation; and every argument tending to such a conclusion, would apply, with equal force and effect, to the prior and subsisting grant to the Trustees, vesting an exclusive and beneficial interest in the citizens of Columbus; for, whether the grant in 1825 should be deemed limited in duration, or unlimited, as the Legislature (in 1831,) seemed to consider it, certainly it should be construed as vesting an exclusive and beneficial interest in the ferry privilege at Columbus, for a period of at least five years,. Then the plaintiff’s argument is involved in this dilemma — that is, that either the Legislature had' no power to grant *6 to him and Cates the ferry privilege in 1829, so as to divest or impair the vested right of the Trustees and citizens of Columbus; or, if such power existed, there was equal power to pass the repealing and declaratory act oí 1831 — unless the prior grant to the Trustees had been limited to five years; and even then, the grant to Cates and Walker, if valid for any purpose, could not have been available until about January, 1831.
A party hires a ferry for a term; at the expiration of which, it is rented to another tenant; hut the first, who claims grant, refuses to sun-enderpossession, and the new tenant agrees that til t™e right is de" termine!; thelataSumpshustfie former, for the tion^and recover without proof promise toPpay!
We are therefore of the opinion that, without any proof of an express contract, the jury might have found a verdict against the plaintiff in error, on the count for use and occupation; for, after Tipton’s entry, under his his lease, the subsequent occupancy and use by Walker> with his consent, might raise an implied assumpsit to pay him the value of the use; for having entered under . . . . , m ^ the same title, to wit: that of the lrustees, and never haY*n§ surrendered the possession, Walker continued to hold under them, or rather under Tipton, their lessee’ a^er his entry. And even if the grant of 1825 should be deemed to be for only five years, and the grant °f 1929 to Cates and Walker, could be considered valid and available from the expiration of the term of ^ve years? to wit: not sooner than the first of the year 1831, we are clearly of the opinion, that the verdict for ninety dollars was justified by the proof, as to the profits of the ferry in November and December, 1830 — during the greater portions of which months Tipton was, upon any allowable or consistent hypothesis, entitled to the profits of the entire ferry privilege at Columbus.
We have not deemed it necessary or proper in this case to give any judicial opinion as to the duration of the grant to the Trustees, by the act of 1825, except that it could not have been less than a term of five years; and, of course, it would be improper to express, a conclusive opinion as t© the question whether the grant to Walker and Cates, now has, for any purpose, any con ■ stitutional existence or efficacy.
Judgment affirmed with damages; but without costs. ?ls the defendant has suffered a default.